NO. 07-06-0077-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 26, 2006


______________________________



MELISSA DANIELS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 17,662-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Melissa Daniels, appeals her plea of guilty to 30 counts of aggravated
sexual abuse of a child and 23 counts of indecency with a child. The jury sentenced
appellant to 30 years incarceration on the aggravated sexual abuse counts and ten years
incarceration on the indecency counts. Appellant's counsel has filed a brief in compliance
with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

 Appellant's counsel, in compliance with Anders and Gainous, states that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no
reversible error upon which an appeal can arguably be predicated. Counsel thus
concludes that the appeal is frivolous. Counsel's brief presents a summation of the
procedural history of the case and discusses why, under the controlling authorities, there
is no reversible error in the trial court proceedings and judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached an exhibit showing that a copy of the Anders brief and motion
to withdraw have been forwarded to appellant and that counsel has provided appellant a
copy of the record for her review and has advised her of her right to file a pro se response
to counsel's motion and brief. The clerk of this court has also advised appellant by letter
of her right to file a response to counsel's brief. Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. 
See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having considered the merits and finding no 


reversible error, appellant's counsel's motion to withdraw is granted and the trial court's
judgment is affirmed. 

 

 Mackey K. Hancock

 Justice





Do not publish. 




d by the valid arrest warrant demonstrates
that the evidence found during the search of appellant's person was not discovered
through exploitation of the initial illegal arrest." Reed v. State, 809 S.W.2d 940 (Tex.
App.-Dallas 1991, no pet.); see Welcome v. State, 865 S.W.2d 128, 133-34 (Tex.
App.-Dallas 1993, pet. ref'd); Brooks v. State, 830 S.W.2d 817, 821 (Tex. App.-Houston
[1st Dist.] 1992, no pet.); accord, Johnson v. State, 496 S.W.2d 72, 74 (Tex. Crim. App.
1973) (holding that the photographs of appellant taken at the police station after a
purportedly illegal arrest were admissible since, at the time the photos were taken, the
appellant was also the subject of a pre-existing and valid arrest warrant involving unrelated
crimes). 

 Here, while the initial detention may have been improper, Horton discovered that
appellant was the subject of a valid arrest warrant. Furthermore, the contraband found on
appellant and in the car was the fruit of two searches conducted once appellant was
arrested under the outstanding warrant rather than for his conduct leading up to the initial
stop. Thus, Reed, Welcome, Brooks, and Johnson control the outcome of this appeal and
compel us to hold that discovery of the contraband was sufficiently attenuated from the
initial detention so as to purge the contraband of any alleged taint.

 Accordingly, we affirm the judgment of the trial court.


 

 Brian Quinn

 Chief Justice


Do not publish.
1. The trooper testified that the posted minimum speed limit for the area was 45 miles per hour.