Jimmy Charles **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46214.

Court of Criminal Appeals of Texas.

June 20, 1973.

———◆———

Lindley Gary Beckworth, Jr., Longview (court appointed), for appellant.

Ralph Prince, Dist. Atty., Longview, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault wherein the punishment was assessed at ten (10) years.

Esther Close, Assistant Manager of a Cabell's Seven-Eleven Store in Longview, testified that, while she was on duty alone on the night of September 26, 1971, the appellant entered the store about 8 p. m. and asked for a pack of cigarettes. She related that, as she stooped to get the cigarettes, the appellant came around the counter and grabbed her and demanded money. She could not see whether he had a gun. Being in fear of her life or serious bodily injury, she gave him approximately $300.-00.

The appellant did not testify but called several alibi witnesses who testified that he was in Dallas on the night of the robbery.

In rebuttal Esther Close testified that the appellant had earlier robbed her at gunpoint in the store on September 17, 1971,[1] after he had been preceded in the store by Paul Pritchett, the ex-husband of the store's manager, Kathleen Earle. She testified that in the instant case Pritchett had again come to the store and departed shortly before the robbery.

Her testimony reflects that on both occasions she had ample opportunity to observe the appellant and his features under well-lighted conditions and that her in-court identification was based upon her observations at the time of the offenses.

She further testified she went to Dallas on September 28, 1971 and viewed eight to ten photographs and immediately identified appellant's picture from this group.

In two grounds of error appellant complains of the trial court's action in denying his motions to suppress evidence and, subsequently, admitting into evidence at the trial on the merits the testimony sought to be suppressed. The motions to suppress apparently were aimed at all evidence obtained as a result of an unlawful arrest and detention and without his consent and when he had not been taken before a magistrate nor warned of his rights.

The main thrust of appellant's argument appears to be directed to a picture taken of him after arrest which was used in a photographic identification by the robbery victim about which she subsequently testified.

H. M. Moore, Dallas City Police Officer, testified at the hearing on the motions to suppress that on the night of September 27, 1971, he was looking for Paul Pritchett, whom he knew, since he had received information about him concerning some robberies; that he followed Pritchett and the appellant from Pritchett's home in Dallas to Jan's Lounge, and that when the two left the lounge and approached the car which Pritchett had been driving and in which the appellant had been a passenger he arrested both for improper license plates since the 1966 Chevrolet bore license plates issued to a 1968 Buick. Moore related a search of the car revealed a gun.

Appellant and Pritchett were taken to the police station and sometime later pictures were taken of them and several other individuals and it was these photographs

---

1. See Johnson v. State, 494 S.W.2d 870 (Tex.Cr.App. 3/28/73).

which were shown to the victim of the robbery the next day.

Moore admitted that he knew the appellant only by reputation and that at the time of arrest he did not have a warrant to arrest either the appellant or Pritchett; that he never filed charges on the appellant for the offense for which he was arrested and never intended to do so.

He did testify that the appellant consented to his arrest and agreed to go to the stationhouse, though he acknowledged that the appellant probably agreed because he was asked to.

Moore related that upon arrival at the police station he learned that there were outstanding warrants from Gregg County for both men.

Appellant called Justice of the Peace King Russell and Kilgore Detective Ralph Ferguson to show that a robbery complaint against the appellant was not filed until the morning of September 28, 1971, after Ferguson had received a call from Dallas.

It appears to be appellant's argument that he was arrested without probable cause and was being illegally detained on September 27, 1971, at the time his picture was taken since the arrest warrant was not issued until the following day.

We cannot agree. Assuming, without deciding, that appellant's arrest was illegal and that he did not consent to go to the police station, we observe that upon arrival at the stationhouse the officer learned there were outstanding warrants from Gregg County for appellant and Pritchett. While the exact time of the picture taking is not clearly established by the record, it appears to have been sometime after the arrival at the stationhouse. The fact that the robbery complaint in the instant case was not filed until the next day does not mean there was not another or other outstanding warrants for appellant's arrest, these other warrants not being otherwise described in the record except as "outstanding warrants."

Even if the arrest was illegal, it would appear that appellant's detention at the time of the picture taking was not illegal. Under the evidence before him, the court did not err in overruling the motions to suppress.

If it be appellant's contention that other evidence produced at the trial called for a different result, he did not call it to the trial court's attention and object when testimony relating to the photographic identification was offered.

If there was a valid reason for excluding the testimony, we still conclude no error is shown.

Since it is appellant's contention that the photograph was, in fact, the fruit of the poisonous tree, we conclude that identification testimony would have been obtained regardless by means sufficiently distinguishable from the underlying illegality to be purged of the primary taint. See Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The appellant would not have remained unidentified "but for" the photograph taken. See Wong Sun v. United States, supra; Santiago v. State, 444 S.W.2d 758, 761 (Tex. Cr.App.1969). *Cf.* Noble v. State, 478 S. W.2d 83 (Tex.Cr.App.1972).

We have considered appellant's pro se grounds of error and find them without merit.

The judgment is affirmed.