JOSE GONZALES, JR. V. THE STATE OF TEXAS



NO. 07-05-0300-CR


 07-05-0301-CR

 07-05-0302-CR

 07-05-0303-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 12, 2007


 ______________________________



JOSE GEORGE GONZALES, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 49,233-C, 49,234-C, 49,235-C and 50,082-C;



HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Jose George Gonzales, appeals four convictions of aggravated sexual
assault of a child and three convictions of indecency with a child by sexual contact. We
affirm.


Background 

 Appellant married Michelle Rodriguez in March 2001 and helped her raise her three
children, including V.E. During the marriage, Rodriguez became a registered nurse and
began working during the evenings which left appellant in charge of the children on many
evenings. On May 7, 2004, V.E. spoke with her mother and told her that "when I sleep with
Daddy, he does nasty things to me." Upon further discussion with Rodriguez, V.E.
revealed sexual misconduct covering approximately seven months. At the time that V.E.
spoke with Rodriguez, V.E. was eight years old. Based on V.E.'s statement, Rodriguez
notified authorities and went to speak with appellant. When confronted by Rodriguez and
the police, appellant denied any wrongdoing and accused V.E.'s brother of the sexual
assaults. Appellant was arrested and charged with a total of seven criminal offenses: (a)
one count of indecency with a child by sexual contact, alleged to have occurred in
November 2003; (b) one count of aggravated sexual assault, alleged to have occurred in
April of 2004; and (c) two counts of indecency with a child by sexual contact and three
counts of aggravated sexual assault of a child, alleged to have occurred on May 6, 2004.

 At trial, the State introduced the testimonial evidence of several witnesses, including
Rodriguez and Leta Acker, V.E.'s therapist. Rodriguez's testimony was introduced as an
outcry witness statement without objection. However, when the State called Acker as an
outcry witness, appellant objected contending that, since Rodriguez had already testified
as an outcry witness, any testimony from Acker regarding V.E.'s report of sexual offenses
to Acker was inadmissible as an additional outcry witness statement. The trial court
overruled appellant's objection and admitted the testimony as an outcry witness statement. 
At the conclusion of the State's case, appellant called V.E.'s brother to the stand and
attempted to elicit testimony regarding prior allegations against him, but was prevented by
the trial court after the State objected to the evidence as improper character evidence. The
jury found appellant guilty of all the charges and assessed appellant's punishment at fifteen
years on each of the indecency charges, twenty years on one count of aggravated sexual
assault of a child, and sixty years on three counts of aggravated sexual assault of a child.

 Appellant appeals contending that the trial court erred in: (1) allowing Acker to testify
as a second outcry witness; (2) prohibiting testimony relating to bad acts by V.E.'s brother; (1)
and (3) denying appellant's motion for directed verdict which contended that the evidence
was legally and factually insufficient to support the verdict. We affirm.

Outcry Witness Testimony


 With proper notice to the accused, an initial out-of-court statement made by a victim
of a sexual offense, twelve years or younger, describing the offense is not excluded as
hearsay if the statement was made to a person eighteen years old or older. See Tex.
Code Crim Proc. Ann. art. 38.072 § 2 (Vernon 2005). A trial court's determination as to
admissibility of the testimony of an outcry witness is subject to review for abuse of
discretion. See Garcia v. State, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990). A reviewing
court should not reverse a trial judge whose ruling was within the zone of reasonable
disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

 During the trial, Rodriguez testified that V.E. spoke to her on May 7, 2004 and
described to her how appellant had touched V.E.'s private parts and how appellant made
V.E. touch his privates. Further, Rodriguez testified that V.E. stated that appellant would
pull down her panties and get on top of her which could indicate sexual intercourse. We
conclude that V.E.'s outcry statements to Rodriguez referenced, at most, the offenses of
indecency with a child by sexual contact and aggravated sexual assault by penetration. 
See Tex. Pen. Code Ann. §§ 21.11 & 22.021(a)(1)(B)(i) (Vernon 2003 & Vernon Supp.
2006). In contrast, Acker's testimony referred to V.E.'s outcry describing appellant placing
his mouth on the child's genitals. The outcry statement was revealed by V.E. to Acker
during a counseling session. Acker's testimony of V.E.'s outcry alleged the offense of
aggravated sexual assault by oral contact. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii)
(Vernon Supp. 2006).

 Appellant contends that Acker's statement simply expands on Rodriguez's testimony
of the incident of May 6th, and added nothing substantially new. Hence, appellant contends
that Acker should not have been allowed to testify about V.E.'s outcry to her. However,
V.E.'s outcry to Acker alleged the commission of another offense. Therefore, Acker's
statement can be classified as an outcry witness statement. See Tear v. State, 74 S.W.3d
555, 559 (Tex.App.-Dallas 2002, pet. ref'd). In compliance with section 2(a) of article
38.072 of the Texas Code of Criminal Procedure, the State gave appellant notice of its
intent to use the two statements as outcry witness statements more than fourteen days
prior to trial, provided appellant's trial counsel a written summary of the statements, and
the victim was available and testified during the trial. Hence, we conclude that the trial
court did not err in allowing both Rodriguez and Acker to testify as outcry witnesses. We
overrule appellant's first issue. 

Exclusion of Testimony of Brother's Bad Acts


 Next, appellant contends that the trial court erred in excluding testimony regarding
specific conduct by V.E.'s brother necessary to refute V.E.'s identification of appellant as
the perpetrator of the sexual assaults. A trial court's decision to admit or exclude evidence
is reviewed under an abuse of discretion standard. See Green, 934 S.W.2d at 102. In
order to properly preserve a complaint, a party must state the grounds for the ruling that
the complaining party sought from the trial court with sufficient specificity to make the trial
court aware of the complaint. See Tex. R. App. P. 33.1(a)(1)(A); Reyna v. State, 168
S.W.3d 173, 177-78 (Tex.Crim.App. 2005). Generally, evidence of a person's character
or character trait is not admissible for the purpose of proving action in conformity therewith
on a particular occasion. Tex. R. Evid. 404(b). However, evidence of crimes, wrongs, or
acts may be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

 At trial, appellant sought to admit testimony from V.E.'s brother relating to specific
conduct he allegedly committed against appellant's biological daughter during the summer
of 2002. The State objected to the testimony under Rule 404(b) of the Texas Rules of
Evidence as inadmissible character conformity evidence. Appellant's stated reason for
seeking the admission of such testimony was:

I believe it is relevant in that it shows an activity on his part that is before the
jury that they need to consider as far as acting with conformity of a particular
pattern on his part. The Defense is wanting to show that this was not an
isolated incident in regards to [V.E.] 


Appellant did not raise the issue of identity when the trial court requested a response to the
State's 404(b) objection. In fact, appellant's stated reason for seeking the brother's
testimony was to establish the brother's alleged propensity to commit sexual offenses, the
purpose specifically prohibited by Rule 404(b). Since appellant did not raise the identity
exception to the general rule of inadmissible character conformity evidence, appellant
failed to preserve any complaint regarding the admissibility of the evidence as relevant to
the issue of identity and has waived the issue. See Kennedy v. State, 193 S.W.3d 645,
650 (Tex.App.-Fort Worth 2006, pet. ref'd). See also Broxton v. State, 909 S.W.2d 912,
918 (Tex.Crim.App. 1995) (en banc) (to preserve error for appellate review, complaint on
appeal must comport with objection at trial and an objection stating one legal theory may
not be used to support a different legal theory on appeal). We overrule appellant's second
issue.

Sufficiency of the Evidence


 Finally, appellant contends that the evidence is both legally and factually insufficient
to support his convictions and that the trial court erred in denying his motion for directed
verdict. When reviewing challenges to both the legal and factual sufficiency of the
evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996) (en banc). If the evidence is legally
sufficient, we then review the factual sufficiency challenge. See id.

 In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

 Appellant does not contest that V.E. was the victim of inappropriate sexual contact
and aggravated sexual assault. Rather, appellant contends that the circumstances
surrounding the assaults were not conducive to a proper identification and that V.E.'s
brother was the perpetrator. However, reviewing the evidence in the light most favorable
to the verdict, we recall that V.E. specifically testified that appellant was the person that
sexually abused her and that he touched her privates on numerous occasions, between
ten to twenty times. When asked whether her brothers had ever touched her
inappropriately, V.E. specifically denied that anyone else had ever touched her private
parts. Further, V.E. testified that the assaults took place in appellant's bedroom when her
mother was away. Although the evidence did indicate that the room was dark and that the
victim would close her eyes during the assaults, V.E. unequivocally named appellant as
the perpetrator and did not hesitate in her identification of appellant. We conclude that the
jury's verdict is supported by more than a mere modicum of evidence and that a rational
trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Therefore, we conclude that the trial court did not err in denying appellant's request
for a directed verdict based on the legal sufficiency of the evidence.

 Having determined that the evidence was legally sufficient to support appellant's
conviction, we now turn to the factual sufficiency of the evidence. When an appellant
challenges the factual sufficiency of the evidence supporting his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson
v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency
review, we must give deference to the fact finder's determinations if supported by evidence
and may not order a new trial simply because we may disagree with the verdict. See id.
at 414. As an appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and preponderance
of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate 
court addressing factual sufficiency must include a discussion of the most important
evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex.Crim.App. 2003).

 Again, appellant's primary contention is that V.E. was unable to identify the person
assaulting her because of the conditions during the assaults. The evidence showed that
the windows in the room were covered by black cardboard and that V.E. could not identify
the perpetrator by voice. Further, appellant points out that V.E. testified that she would
close her eyes or be partially asleep and, thus, was unable to make a positive identification
of the person that assaulted her. Overall, V.E. could not and did not disclose how she was
able to make a positive identification of the person that assaulted her. Therefore, appellant
contends that, considering the evidence in a neutral light, the evidence is factually
insufficient to support appellant's conviction.

 However, in addition to the evidence appellant relies on, the jury also heard V.E.
identify appellant as the person who assaulted her. Further evidence established that
appellant would occasionally carry V.E. to his bedroom, ask V.E. to go to his bedroom, or
ask V.E. to sleep in his bed. The following testimony was elicited from the victim:

Defense counsel: "If you never opened your eyes, how did you know who
was doing this?"


V.E.: "Because he [appellant] was the only one that ever did that to me."

* * * 


State: "Who is the only person who has ever touched you on your privates
other than your mom when she was giving you a bath . . ."


V.E.: "Jose [appellant]."

State: "Has anybody else ever touched you in a bad way other than Jose?" 
V.E.: "No."

* * * 


State: "How do you know it was Jose that carried you from your room to his?"

V.E.: "Because in the morning, I would wake up and he would be there."

State: "Okay. Did you ever see him carry you into his room?" 

V.E.: "Yes."

 Appellant is correct that the victim was never able to state how she was able to
make her identification of appellant as the person committing the offenses. However, the
victim never wavered in her identification, and denied anyone else ever having touched her
in a "bad way." We do not see how, even if the victim is unable to say how she can identify
appellant, the evidence undermines the victim's identification of appellant as the person
committing the offenses. The assaults took place in appellant's bedroom when Rodriguez
was working, appellant was the only person to carry V.E. to the bedroom, and appellant
would be in the room in the morning after the assaults took place. Although V.E.'s
testimony varied depending on whether the defense counsel or the prosecutor was
questioning her, the jury is entitled to judge the credibility of each witness. See Johnson
v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). In reviewing the evidence in a neutral light
and, deferring to the jury's determination of the witness's credibility, we conclude that the
evidence supports the jury's verdict and that the jury was rationally justified in finding 
appellant guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. We
overrule appellant's contention regarding the sufficiency of the evidence.


Conclusion


 For the foregoing reasons, we affirm the trial court's judgment. 


 Mackey K. Hancock

 Justice










Do not publish. 

 




1. Although appellant's brief alludes to constitutional violations of appellant's right of
confrontation, due process, and equal protection, as well as ineffective assistance of trial 
counsel, appellant does not refer to the record nor cite any legal authority to support these
issues. Therefore, we deem these issues waived. See Tex. R. App. P. 38.1(h); Tong v.
State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000).


 9,
88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In Tanner v. State, 228 S.W.3d 852
(Tex.App.–Austin 2007, no pet.), a police officer observed the defendant and a female
companion walking from behind a bar at 3:00 a.m. and flashed his patrol car lights and
signaled for them to stop. The female stopped, but the defendant continued to walk. Id.
at 854. The officer drove towards the defendant, who then stopped. The officer searched
the defendant and found methamphetamine. Id. at 855. Citing Garza, 771 S.W.2d at 558,
the court found, “[t]here is no question that an investigative detention occurred when [the
defendant] stopped walking in response to [the officer’s] demand.” Tanner, 228 S.W.3d
at 856 n.3. 
          Officer Carrillo testified that he observed Appellant walking across a field and that
as Appellant approached the curb, he activated his patrol car lights and called out to him. 
Appellant approached Carrillo and complied with his requests, including removing items
from his pocket, which included marihuana. On cross-examination, Carrillo answered
affirmatively when asked whether activation of his patrol car lights is a communication to
a person to stop. He also testified on cross-examination that had Appellant fled from him
after activating his lights, he might have possibly charged him with evading. No evidence
was presented that Carrillo believed Appellant was in distress, that the area was dark, or
that safety reasons existed for activating the patrol car lights. Under these facts, we
conclude that activation of the patrol car lights caused Appellant to yield to Officer Carrillo’s
show of authority. We further conclude that Appellant did not feel free to leave or decline
Carrillo’s requests. Thus, we find that a detention occurred requiring reasonable suspicion
by Carrillo to stop Appellant. 
Reasonable Suspicion
          The Fourth Amendment of the United States Constitution and Article I, § 9 of the
Texas Constitution protect against unreasonable searches and seizures by government
officials. See Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007); Johnson v.
State, 912 S.W.2d 232-34; Martinez v. State, 72 S.W.3d 76, 81 (Tex.App.–Amarillo 2002,
no pet.). The reasonableness of an investigative detention is determined by a dual inquiry: 
(1) whether the officer’s action was justified at its inception; and (2) whether it was
reasonably related in scope to the circumstances which justified the interference in the first
place. Terry, 392 U.S. at 19-20.
          An investigative detention requires an officer to have reasonable suspicion founded
upon articulable facts that when combined with rational inferences from those facts, would
lead him to reasonably suspect that criminal activity is afoot and that the detainee is
connected to the activity. Id. at 21; Balentine, 71 S.W.3d at 768. These facts must
amount to more than a mere inarticulable hunch or suspicion. Williams v. State, 621
S.W.2d 609, 612 (Tex.Crim.App. 1981). Reasonableness of a search is a question of law
that is reviewed de novo and is evaluated by the totality of the circumstances. Kothe v.
State, 152 S.W.3d 54, 62 (Tex.Crim.App. 2004); Woods v. State, 956 S.W.2d 33, 38
(Tex.Crim.App. 1997). 
          Officer Carrillo testified that he questioned Appellant because he was walking late
at night and because there had been recent criminal mischief and burglaries in the vicinity. 
According to Carrillo, he was conducting “effective patrol” by stopping persons for walking
during the hours of 12:30 a.m. and daylight. On cross-examination, however, he testified
that the “recent” crime in the area had actually occurred some three months earlier and
consisted of a brick being thrown through the back window of a pickup. He could not recall
the type of burglary that occurred. 
          Carrillo testified that no criminal activity had been reported during his shift on the
night he stopped Appellant. Additionally, when he observed Appellant walking across the
field, he did not see him with a brick in his hand nor did he see him carrying any items
common to burglaries. It was not until after Carrillo made contact with Appellant that he
observed glassy eyes and shakiness which lead him to believe that Appellant might be
under the influence of alcohol or narcotics. 
          Although time of day


 and the level of criminal activity in an area may be factors to
consider in determining reasonable suspicion, they are not suspicious in and of
themselves. See Klare v. State, 76 S.W.3d 68, 73-76 (Tex.App.–Houston [14th Dist.]
2002, pet. ref’d). See also Scott v. State, 549 S.W.2d 170, 172-73 (Tex.Crim.App. 1976). 
Time of day and criminal activity in the area are facts which focus on the suspects
surroundings, and not on the suspect himself. Klare, 76 S.W.3d at 75. Thus, an
assessment of the surroundings must raise a suspicion that the particular individual being
stopped is engaged in wrongdoing. Id. at 75, citing U.S. v. Cortez, 449 U.S. 411, 418, 101
S.Ct. 690, 66 L.Ed.2d 621 (1981). Officer Carrillo did not offer any testimony to raise
suspicion that Appellant was engaged in criminal activity prior to initiating contact with him. 
Additionally, there are no independent indicia of reasonable suspicion in the record before
us. Under the totality of the circumstances, we find that the factors cited by Carrillo, i.e.,
time of day and “recent” crime in the area, were a mere pretext for stopping Appellant.
          Although we find that Appellant was illegally detained in violation of his constitutional
rights, we nevertheless agree with the State that the methamphetamine was admissible
because it was discovered subsequent to Officer Carrillo’s discovery of an outstanding
warrant for criminal trespass. Under the attenuation doctrine, evidence may be admitted
if the connection between the initial illegality and the means through which the evidence
was secured is so attenuated as to dissipate the taint. See Welcome v. State, 865 S.W.2d
128, 133 (Tex.App.–Dallas 1993, pet. ref’d); Reed v. State, 809 S.W.2d 940, 944-45
(Tex.App.–Dallas 1991, no pet.). The discovery of an outstanding warrant during an illegal
detention may break the connection between the primary taint and subsequently
discovered evidence. See Johnson v. State, 496 S.W.2d 72, 74 (Tex.Crim.App. 1973). 
See also Fletcher v. State, 90 S.W.3d 419, 420-21 (Tex.App.–Amarillo 2002, no pet.). 
          Officer Carrillo testified that he believed he ran a criminal history check after
Appellant had already been arrested. He also testified that in his effort to identify
Appellant, he discovered the warrant, and Appellant was “going to go to jail” for the
warrant. The methamphetamine was not discovered until Appellant was searched incident
to his arrest at the police department. The record supports admissibility of the
methamphetamine as it was discovered subsequent to the outstanding warrant. The
marihuana, however, would not have been admissible because it was discovered during
an illegal detention and prior to discovery of the criminal trespass warrant. Appellant’s sole
issue is overruled.Conclusion
          We find that Officer Carrillo illegally detained Appellant without reasonable
suspicion. Regardless, we conclude that discovery of the criminal trespass warrant for
Appellant prior to discovery of the methamphetamine provided sufficient attenuation so as
to render the methamphetamine admissible. Accordingly, the trial court did not abuse its
discretion in denying Appellant’s motion to suppress evidence. Consequently, the trial
court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice







Publish.