NO. 07-07-0205-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 21, 2007



______________________________




GABRIEL MORENO, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee



_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-412,309; HON. BRADLEY S. UNDERWOOD, PRESIDING



_______________________________



MEMORANDUM OPINION



_______________________________


 


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Gabriel Moreno (appellant) appeals his conviction for possession of a controlled
substance. Via a single issue, he contends that the trial court erred by failing to suppress
his oral or written statements. We affirm.

Background


 Trooper Bill Horton (Horton) testified that he stopped a vehicle for impeding traffic. 
The vehicle was traveling at 50 miles per hour in the left lane in a 60-mile-per-hour zone. (1) 
The trooper observed approximately four to six vehicles going around the slower one. 
Horton initiated a stop, asked the driver to step out of the vehicle, and asked for his driver's
license. The driver informed the trooper that he did not have a driver's license and that he
had outstanding arrest warrants. Appellant was then arrested and placed in the patrol
vehicle. Within minutes of the arrest, the trooper confirmed that appellant was the subject
of outstanding warrants and informed appellant that he was being arrested pursuant to the
warrants and for driving without a license. The vehicle was impounded, and an inventory
was conducted. The inventory uncovered the presence of the controlled substance. 

 Issue - Motion to Suppress


 Appellant contends that the State "failed to carry its burden of proof to show that the
arresting officer had reasonable suspicion for his original warrantless traffic stop of
[a]ppellant." 

 We review the trial court's ruling on a motion to suppress under the standard
announced in Johnson v. State, 68 S.W.3d 644 (Tex. Crim. App. 2002) and Guzman v.
State, 955 S.W.2d 85 (Tex. Crim. App. 1997). It requires us to give almost total deference
to the trial court's findings of historical fact and review de novo the application of the law
to the facts. Johnson v. State, 68 S.W.3d at 652-53.

 Next, though we question the legitimacy of the initial stop conducted by Horton, we
need not address whether it rendered inadmissible the evidence subsequently discovered. 
Instead, we conclude that the contraband was nonetheless admissible since it was
discovered during a search incident to appellant's arrest on the outstanding warrants. See
Fletcher v. State, 90 S.W.3d 419 (Tex. App.-Amarillo 2002, no pet.). That is, Horton's
discovery of the outstanding warrants, which served as the basis for the arrest and
subsequent searches, removed any taint that may have arisen from the original stop.

 Simply put, "[d]iscovery of an outstanding warrant during an illegal detention of an
individual breaks the connection between the discovered evidence and the primary taint
. . . [T]he independent probable cause evidenced by the valid arrest warrant demonstrates
that the evidence found during the search of appellant's person was not discovered
through exploitation of the initial illegal arrest." Reed v. State, 809 S.W.2d 940 (Tex.
App.-Dallas 1991, no pet.); see Welcome v. State, 865 S.W.2d 128, 133-34 (Tex.
App.-Dallas 1993, pet. ref'd); Brooks v. State, 830 S.W.2d 817, 821 (Tex. App.-Houston
[1st Dist.] 1992, no pet.); accord, Johnson v. State, 496 S.W.2d 72, 74 (Tex. Crim. App.
1973) (holding that the photographs of appellant taken at the police station after a
purportedly illegal arrest were admissible since, at the time the photos were taken, the
appellant was also the subject of a pre-existing and valid arrest warrant involving unrelated
crimes). 

 Here, while the initial detention may have been improper, Horton discovered that
appellant was the subject of a valid arrest warrant. Furthermore, the contraband found on
appellant and in the car was the fruit of two searches conducted once appellant was
arrested under the outstanding warrant rather than for his conduct leading up to the initial
stop. Thus, Reed, Welcome, Brooks, and Johnson control the outcome of this appeal and
compel us to hold that discovery of the contraband was sufficiently attenuated from the
initial detention so as to purge the contraband of any alleged taint.

 Accordingly, we affirm the judgment of the trial court.


 

 Brian Quinn

 Chief Justice


Do not publish.
1. The trooper testified that the posted minimum speed limit for the area was 45 miles per hour.