NO. 07-07-0205-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 21, 2007

_____

GABRIEL MORENO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412,309; HON. BRADLEY S. UNDERWOOD, PRESIDING

_____

***MEMORANDUM OPINION***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Gabriel Moreno (appellant) appeals his conviction for possession of a controlled substance. Via a single issue, he contends that the trial court erred by failing to suppress his oral or written statements. We affirm.

## Background

Trooper Bill Horton (Horton) testified that he stopped a vehicle for impeding traffic. The vehicle was traveling at 50 miles per hour in the left lane in a 60-mile-per-hour zone.[1] The trooper observed approximately four to six vehicles going around the slower one. Horton initiated a stop, asked the driver to step out of the vehicle, and asked for his driver's license. The driver informed the trooper that he did not have a driver's license and that he had outstanding arrest warrants. Appellant was then arrested and placed in the patrol vehicle. Within minutes of the arrest, the trooper confirmed that appellant was the subject of outstanding warrants and informed appellant that he was being arrested pursuant to the warrants and for driving without a license. The vehicle was impounded, and an inventory was conducted. The inventory uncovered the presence of the controlled substance.

## Issue - Motion to Suppress

Appellant contends that the State "failed to carry its burden of proof to show that the arresting officer had reasonable suspicion for his original warrantless traffic stop of [a]ppellant."

We review the trial court's ruling on a motion to suppress under the standard announced in *Johnson v. State*, 68 S.W.3d 644 (Tex. Crim. App. 2002) and *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). It requires us to give almost total deference to the trial court's findings of historical fact and review de novo the application of the law to the facts. *Johnson v. State*, 68 S.W.3d at 652-53.

---

[1]The trooper testified that the posted minimum speed limit for the area was 45 miles per hour.

Next, though we question the legitimacy of the initial stop conducted by Horton, we need not address whether it rendered inadmissible the evidence subsequently discovered. Instead, we conclude that the contraband was nonetheless admissible since it was discovered during a search incident to appellant's arrest on the outstanding warrants. *See Fletcher v. State,* 90 S.W.3d 419 (Tex. App.–Amarillo 2002, no pet.). That is, Horton's discovery of the outstanding warrants, which served as the basis for the arrest and subsequent searches, removed any taint that may have arisen from the original stop.

Simply put, "[d]iscovery of an outstanding warrant during an illegal detention of an individual breaks the connection between the discovered evidence and the primary taint . . . [T]he independent probable cause evidenced by the valid arrest warrant demonstrates that the evidence found during the search of appellant's person was not discovered through exploitation of the initial illegal arrest." *Reed v. State*, 809 S.W.2d 940 (Tex. App.–Dallas 1991, no pet.); *see Welcome v. State*, 865 S.W.2d 128, 133-34 (Tex. App.–Dallas 1993, pet. ref'd); *Brooks v. State*, 830 S.W.2d 817, 821 (Tex. App.–Houston [1st Dist.] 1992, no pet.); *accord, Johnson v. State*, 496 S.W.2d 72, 74 (Tex. Crim. App. 1973) (holding that the photographs of appellant taken at the police station after a purportedly illegal arrest were admissible since, at the time the photos were taken, the appellant was also the subject of a pre-existing and valid arrest warrant involving unrelated crimes).

Here, while the initial detention may have been improper, Horton discovered that appellant was the subject of a valid arrest warrant. Furthermore, the contraband found on appellant and in the car was the fruit of two searches conducted once appellant was

3

arrested under the outstanding warrant rather than for his conduct leading up to the initial stop. Thus, *Reed*, *Welcome*, *Brooks*, and *Johnson* control the outcome of this appeal and compel us to hold that discovery of the contraband was sufficiently attenuated from the initial detention so as to purge the contraband of any alleged taint.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.