COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-065-CR

 

 

MARK GUTIERREZ                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 16TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction

In one point, Appellant Mark Gutierrez appeals
his conviction for possession of a controlled substance over one gram but under
four grams, claiming that he received ineffective assistance of counsel at
trial.  We affirm.

 








II. Factual and Procedural Background

On July 31, 2007, Carrollton Police Officer John
Stovall was dispatched around midmorning to investigate a complaint about two
men at the Waterford Park Apartments.[2]  Officer Stovall testified that the complaint
was made by the apartment complex=s
manager, maintenance man, or 

somebody who worked for the complex, [who] had
called and apparently had some confrontation or a problem with two gentlemen
who were there on the property that they had problems with on a prior
occasion.  And they had asked them to
leave, and they refused to leave the property. 
So they contacted the police. 

Officer Stovall stated that the complainant told him that he did not
believe the two men were supposed to be on the property and that Athey
might even have been burglarizing an apartment or just in an apartment where
they weren=t supposed to be at.@  He testified that he did not know of any
other offenses that occurred at the apartment complex.[3]








When Officer Stovall arrived five minutes after
receiving the dispatch call, the two men had already departed.  The complainant told Officer Stovall that the
parties had gone and were walking south down the sidewalk; he described them as
a dark‑skinned male and a light‑skinned male.

Officer Stovall left the complex, looked south,
and saw the two described individuals, one of whom was Gutierrez.  Officer Stovall approached both of them
without turning on his vehicle=s
overhead lights, and they made no attempt to evade him.  For safety, Officer Stovall patted both
parties down for weapons; he found none. 
The two men confirmed that they were involved in a disturbance at the
apartment complex, and the officer ran a warrant check and discovered an
outstanding arrest warrant issued out of Collin County for Gutierrez.

The officer arrested Gutierrez at Collin County=s
request.  After handcuffing Gutierrez,
the officer did another pat down search and found 1.6 grams of cocaine, as well
as some marijuana, in a metal container in Gutierrez=s front
right pants pocket.

Gutierrez=s trial
counsel did not file a motion to suppress the evidence discovered during the
second pat-down.  Gutierrez pleaded not
guilty to the offense charged and true to the enhancement paragraphs.  A jury found Gutierrez guilty of possession
of a controlled substance over one gram but under four grams, found that the
enhancement paragraphs were true, and assessed punishment at eight years=
confinement.  This appeal followed.








III. Ineffective Assistance of Counsel

Gutierrez=s sole
complaint is that he received ineffective assistance of counsel at trial
because his trial counsel failed to (1) Afile a
meritorious motion to suppress@ the
cocaine found in Gutierrez=s pocket
and (2) object to the seized evidence at trial. 

A. Standard of Review

To establish ineffective assistance of counsel,
an appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id., (quoting Thompson, 9
S.W.3d at 813).  It is not appropriate
for an appellate court to simply infer ineffective assistance based upon
unclear portions of the record.  Mata
v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial whose result is
reliable.  Strickland, 466 U.S. at
687, 104 S. Ct. at 2064.  In other words,
appellant must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B. Analysis

Failure to file a motion to suppress or to object
to the admission of evidence does not demonstrate a deficiency of counsel per
se.  See Ortiz v. State, 93 S.W.3d
79, 93 (Tex. Crim. App. 2002), cert. denied, 538 U.S. 998 (2003); Hammond
v. State, 942 S.W.2d 703, 710 (Tex. App.CHouston
[14th Dist.] 1997, no pet.).  To show
that counsel=s performance was deficient,
Gutierrez was obliged to prove that the motion would have been granted or that
the objection would have been sustained. 
See Ortiz, 93 S.W.3d at 93 (stating that a claim of ineffective
assistance based on failure to object to the admission of evidence must
establish that the evidence was inadmissible); Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that, to prevail on a claim of
ineffective assistance, appellant is Aobliged
to prove that a motion to suppress would have been granted@); Roberson
v. State, 852 S.W.2d 508, 510B11 (Tex.
Crim. App. 1993) (holding that without a showing that a pretrial motion had
merit and that a ruling on the motion would have changed the outcome of the
case, counsel is not ineffective for failing to assert the motion).








Gutierrez complains that Officer Stovall had no
reasonable suspicion to detain him and that he should not have been
detained.  He argues that the arrest
warrant did not attenuate the subsequent illegal search resulting from his
unlawful detention and that, because he was illegally detained, his trial
counsel=s
failure to file a motion to suppress the evidence discovered during the illegal
detention amounted to ineffective assistance of counsel.  We disagree.








Reasonable suspicion exists when, based on the
totality of the circumstances, the officer has specific, articulable facts that
when combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.  Ford v.
State, 158 S.W.3d 488, 492B93 (Tex.
Crim. App. 2005).  Based on Officer
Stovall=s
testimony, Gutierrez=s trial counsel and the trial
court, if counsel had presented a motion to suppress, could have believed that
the officer had information sufficient to develop a reasonable suspicion of
criminal activity based on the specific, articulable facts that he testified
about at trialCthat an apartment complex
employee informed him of a confrontation or problem, including trespassing and
possibly burglary, with some individuals who had refused to leave the property;[4]
gave him a description of the two individuals involved; and told him in which
direction the individuals had gone and that they had just left.  See Terry v. Ohio, 392 U.S. 1, 21B22, 88
S. Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000); see also Hoag v. State, 728 S.W.2d 375, 380B81 (Tex.
Crim. App. 1987) (stating that a police officer may briefly stop a suspicious
individual in order to determine his identity or to maintain the status quo
momentarily while obtaining more information and may conduct a limited search
for weapons where it is reasonably warranted for his safety).  Based on these facts, Gutierrez cannot show
that the motion to suppress would have been granted or that an objection to the
evidence would have been sustained.








Additionally, the discovery of an outstanding
warrant during the detention broke the connection between the primary taint of
the alleged unlawful detention, if any, and the subsequently discovered
evidence.  See Johnson v. State,
496 S.W.2d 72, 74 (Tex. Crim. App. 1973); see also Lewis v. State, 915
S.W.2d 51, 54 (Tex. App.CDallas 1995, no pet.) (holding
that discovery of outstanding warrants and the legal arrest under those
warrants were intervening circumstances which attenuated the connection between
any illegal detention and the discovery of heroin); Reed v. State, 809
S.W.2d 940, 947 (Tex. App.CDallas
1991, no pet.) (holding that the second, legal arrest under the outstanding
warrant purged the taint of any illegality from the initial arrest).  But see St. George v. State, 197
S.W.3d 806, 824 & n.71 (Tex. App.CFort
Worth 2006) (op. on reh=g en banc) (declining to address
attenuation where the State did not raise it), aff=d, 237
S.W.3d 720 (Tex. Crim. App. 2007).[5]  Therefore, even if Gutierrez=s trial
counsel had filed a motion to suppress, Gutierrez has failed to show a
reasonable probability that the result of the proceeding would have been any
different.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068.  We
overrule Gutierrez=s sole point.

 

 

 

 

 








IV. Conclusion

Having overruled Gutierrez=s sole
point, we affirm the trial court=s
judgment.

BOB
MCCOY

JUSTICE

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: January 15, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]The apartment complex is
in the portion of Carrollton located within Denton County.





[3]When asked whether there
was any evidence that the two men had done anything other than enter the
property, Officer Stovall replied, A[A]s far as my knowledge, I don=t know of any other
offense that occurred there,@ and he stated that he did not follow up on the
other allegations.





[4]See, e.g., Tex. Penal Code Ann. ' 30.02 (Vernon 2003)
(burglary); id. ' 30.05 (Vernon Supp.
2008) (criminal trespass).





[5]Several courts have
mentioned the policy issues that are problematic in  drawing a line between deterring unlawful
seizures on one hand and allowing a suspect with outstanding warrants for his
arrest to go free.  See Fletcher v.
State, 90 S.W.3d 419, 421 (Tex. App.CAmarillo 2002, no pet.); Neese v. State,
930 S.W.2d 792, 802B03 (Tex. App.CBeaumont 1996, pet. ref=d); Reed, 809
S.W.2d at 948 n.3.  However, those issues
involve facts that are not pertinent to the instant case.  

Furthermore,
while Gutierrez cites Sims v. State, 84 S.W.3d 805 (Tex. App.CHouston [1st Dist.] 2002,
no pet.), for the proposition that he should not have been detained in the
first place, we note that even though the Sims court concluded that
there was an unlawful detention, it also held, as we do here, that any taint
from an initial illegality became attenuated upon discovery of an outstanding
warrant, a legal arrest based on that warrant, and the discovery of evidence
subsequent to that arrest.  Id. at
807, 810.