COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-09-00322-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court at Law No. Four |
| LIZETH CADENA, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20090C05477) |
| | § | |

**O P I N I O N**

In a single issue, the State appeals the trial court's suppression of evidence. We reverse.

**BACKGROUND**

By complaint and information, Appellee was charged with driving while intoxicated. Appellee filed a motion to suppress all pre-*Miranda* evidence, including evidence of her conversations with police officers as well as all breath tests and examinations made by police. As grounds for suppressing this evidence, Appellee claimed that she was illegally detained, arrested, and searched without reasonable suspicion or probable cause to believe that she was engaged in criminal activity, that she was arrested without a warrant, that the acquisition of such evidence was made without her consent, and that all fruits of the search should be suppressed.[1]

In its written response to Appellee's suppression motion, the State complained that the motion was vague, conclusory, and failed to make reference to the facts in the case. Consequently, the State argued Appellee was not entitled to a hearing because her motion failed to identify any

---

[1] Although "reasonable suspicion" and "probable cause" are not interchangable terms, Appellee often used the terms interchangably.

legal basis with sufficient specificity to provide the trial court and the State with proper notice. The State also objected upon the basis that Appellee was arrested pursuant to two outstanding criminal warrants and that, even if the detention was illegal, the evidence obtained pursuant to the outstanding arrest warrants was admissible. Attached to the State's response were two warrants of arrest, one for failure to maintain financial responsibility and one for passing in a school zone, and a copy of the officer's complaint affidavit.

In his sworn and notarized complaint affidavit, Officer Alvarez stated that he stopped Appellee after he observed her: (1) stop her vehicle in two lanes at a red light; (2) fail to drive in a single lane of traffic by driving onto a curb, swerving, and traveling in several lanes; (3) changing lanes without signaling; and (4) speeding. Upon speaking with Appellee, Officer Alvarez observed that her eyes were bloodshot, glassy, and watery, her speech, movement and reflexes were slow, her walk was staggered, and that she emitted the strong odor of an unknown alcoholic beverage. After Appellee failed the field-sobriety tests, Officer Alvarez arrested her for driving while intoxicated and asked that she submit to a breath alcohol test, the result of which was 0.13.

At the suppression hearing, Appellee argued that she was stopped without reasonable suspicion or probable cause, was arrested without a warrant, should not have been detained for driving while intoxicated, and as a result, all evidence resulting therefrom should be suppressed. Appellee also argued that the officer did not have a valid basis for making the initial stop, and that after the officer made the stop and arrested her, the determination that Appellee had outstanding warrants was insufficient to "obviate the responsibility [of] having reasonable suspicion to stop her in the first place." According to Appellee, the officer could not stop her unless she committed a traffic violation, and the officers could not have known she had warrants before stopping her. During the proceedings, Appellee testified that prior to the driving-while-intoxicated charge, an

arrest warrant had issued for her arrest in relation to the offense of failure to maintain financial responsibility.

The State, without presenting any witnesses, explained to the trial court that it was uncertain what Appellee was challenging, noting that Appellee had not been subjected to a warrantless arrest, and asked the trial court to take judicial notice of both the arresting officer's complaint affidavit, in which it was noted that Appellee had been driving in two lanes, thus providing a valid basis for a stop, as well as the warrants that were attached to the State's written response. The State noted that reasonable suspicion, not probable cause, is the proper basis for conducting a stop, reminded the trial court that an officer has a duty to detain a person with an outstanding warrant, and stated that because a person with an outstanding warrant is a fugitive subject to being apprehended, there is no reason to have a basis for stopping the person.

The trial court asked, "What you are telling me is that they [can] stop anybody, and then if [they] subsequently find a warrant, that justifies everything that came before?" The State responded affirmatively by citing two cases in support of the trial court's statement. *Johnson v. State*, 496 S.W.2d 72, 74 (Tex. Crim. App. 1973); *Jara v. State*, No. 08-06-00243-CR, 2008 WL 101395, at *4 (Tex. App. – El Paso Jan. 10, 2008, no pet.) (not designated for publication). The State reiterated that because Appellee was arrested under two outstanding warrants, she had no basis to complain. The trial court noted, "Just so the Court is clear, she wasn't only arrested for the warrants because from my understanding, she did fail the sobriety tests and there were other indicators that she might have been intoxicated." Appellee argued that *Johnson* requires a valid initial detention as a prerequisite before a pre-existing, outstanding warrant would permit otherwise tainted evidence to be admitted at trial. She then asked the trial court to find that there was no probable cause to detain her and arrest her without a warrant, and to suppress "all information." The trial court granted

Appellee's motion to suppress the evidence and, in its findings of fact, made a finding that Appellee "acknowledges having two outstanding warrants."

## DISCUSSION

In its sole issue, the State contends on appeal that the trial court erred and abused its discretion in granting Appellee's suppression motion because under the Attenuation Doctrine, the two outstanding warrants cleansed the alleged taint resulting from the allegedly improper stop of Appellee's vehicle.[2] We agree.

### Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). When reviewing a trial court's ruling on a motion to suppress evidence, we utilize a birfurcated standard. *Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex. Crim. App. 1997). As the sole fact finder at a suppression hearing, the trial court may choose to believe or disbelieve any or all of a witness's testimony. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). When it is supported by the record, we give almost total deference to the trial court's determination of historical facts, particularly if the findings turn on witness credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We afford the same deference to determinations of mixed questions of fact and law when their resolution depends upon witness credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Ross*, 32 S.W.3d at 856. However, when mixed questions of fact and law do not turn on an evaluation of credibility and demeanor, we consider them under a *de novo* standard. *Amador*, 221 S.W.3d at 673; *Ross*, 32 S.W.3d at 856. If it is reasonably sustained by the record and is correct on any theory of

---

[2] Appellee did not file a reply brief.

law applicable to the case, we will sustain a trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). As the issue before us turns not upon a determination of witness credibility but, rather, upon the application of the law to the historical facts, we conduct our review *de novo*. *Amador*, 221 S.W.3d at 673.

*Application*

The United States Supreme Court has held that, as a general rule, the "fruit of the poisonous tree" doctrine bars the use of evidence obtained following an illegal arrest. *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963). In Texas, Article 38.23 of the Texas Code of Criminal Procedure provides that evidence obtained by an officer or other person in violation of the Texas or U.S. Constitutions or laws is to be excluded from evidence against the accused in a criminal trial. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). However, the attenuation doctrine permits evidence to be admitted if the connection between the initial illegality and the means through which the evidence was secured is so attenuated as to dissipate the taint. *Hudson v. State*, 247 S.W.3d 780, 787 (Tex. App. – Amarillo 2008, no pet.); *Welcome v. State*, 865 S.W.2d 128, 133 (Tex. App. – Dallas 1993, pet. ref'd), *citing Wicker v. State*, 667 S.W.2d 137, 141-42 (Tex. Crim. App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). More than thirty-five years ago, the Texas Court of Criminal Appeals held that the discovery of an outstanding warrant during an illegal detention of an individual may break the connection between the primary taint and the subsequently discovered evidence. *See Johnson v. State*, 496 S.W.2d 72, 74 (Tex. Crim. App. 1973). We have also recognized that "even in a situation involving an illegal detention, where a valid warrant for the appellant's arrest is discovered, and the appellant is arrested under the authority of that warrant, evidence found during a subsequent search pursuant to the arrest is admissible into evidence against the appellant." *Jara v. State*, No. 08-06-00243-CR, 2008 WL

101395, at *4 (Tex. App. – El Paso Jan. 10, 2008, no pet.) (not designated for publication).

In the case before us, the record contains some evidence that Appellee stopped her vehicle in two lanes of traffic at a red light, failed to drive in a single lane of traffic by driving onto a curb, swerved, traveled in several lanes without signaling, and was speeding. TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999) (Driving on Roadway Laned for Traffic); TEX. TRANSP. CODE ANN. § 545.352(a) & (b) (Vernon Supp. 2010) (Prima Facie Speed Limits). At a minimum, this evidence shows that the officer was authorized to make the traffic stop after observing Appellee commit a speeding violation. TEX. TRANSP. CODE ANN. § 545.352(a) & (b) (Vernon Supp. 2010) (Prima Facie Speed Limits). Moreover, we have recently noted that there is no requirement that a traffic regulation be violated before an officer has reasonable suspicion to justify a stop of a vehicle. *State v. Alderete*, 314 S.W.3d 469, 473 (Tex. App. – El Paso 2010, pet. ref'd) (police officers trained to detect persons driving while intoxicated had reasonable suspicion to stop driver suspected of driving while intoxicated after observing driver continuously swerving within a lane for a distance of one-half mile, even though driver did not violate any traffic regulations). Therefore, we do not agree that Appellee's detention was illegal. Moreover, even if the detention was illegal, the outstanding warrants for which Appellee was arrested removed any taint and rendered the subsequently obtained evidence admissible. *Johnson*, 496 S.W.2d at 74; *Jara*, 2008 WL 101395, at *4. For these reasons, we cannot conclude that the trial court's decision to suppress the evidence was correct on any theory of law applicable to the case. *See Villarreal*, 935 S.W.2d at 138. The State's issue is sustained.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded for further proceedings.


GUADALUPE RIVERA, Justice

December 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)