NO. 07-11-0399-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2012
_____

VICTOR MORGAN,

                                                                    Appellant
                                    v.

THE STATE OF TEXAS,

                                                                    Appellee
_____

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO. 09-02776-CRF-272; HONORABLE TRAVIS B. BRYAN III, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

During the trial in which appellant Victor Morgan was convicted of possessing crack cocaine, he requested a jury instruction under article 38.23 of the Code of Criminal Procedure.[1] He thought he was entitled to one because a question of material fact purportedly existed concerning whether the officer had probable cause or

---

[1]Per article 38.23, no evidence obtained by an officer in violation of any provisions of the federal or state constitutions or federal or state laws may be admitted against the accused on the trial of any criminal matter. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). And, when the evidence raises a fact issue as to the same, the jury must be instructed that if it believes or has a reasonable doubt that the evidence was obtained in violation of the law, the evidence should be disregarded. *Id.*

reasonable suspicion to stop him for speeding.  The request was denied, however.  The sole issue on appeal encompasses that decision, and he wants us to hold that the trial court should have provided the instruction.  We affirm.

Assuming *arguendo* that there existed the requisite material issue of fact regarding whether the officer had either reasonable suspicion or probable cause to effectuate the original stop, no one disputes that the very same officer arrested appellant under the authority of an outstanding arrest warrant.[2]  It was while making the arrest per the warrant that the officer discovered the cocaine on appellant's person.

Next, authority holds that any taint from an impermissible stop is washed away by a belatedly discovered arrest warrant.  *Fletcher v. State,* 90 S.W.3d 419, 420 (Tex. App.–Amarillo 2002, no pet.); *see also Johnson v. State,* 496 S.W.2d 72, 74 (Tex. Crim. App. 1973) (finding that photographs taken after an improper arrest were admissible because the defendant had an outstanding warrant).  Because 1) the officer was told that appellant was the subject of an outstanding arrest warrant, 2) the drugs were discovered as a result of the officer attempting to execute that warrant, and 3) appellant does not dispute that the officer acted upon a good faith belief that the warrant existed, any dispute regarding the propriety of the initial stop became irrelevant.  Thus, appellant was not harmed by the trial court's decision to deny the instruction, even if it was wrong.

We further note that the prima facie speed limit on a street in an urban area is thirty m.p.h.  TEX. TRANSP. CODE ANN. §545.352(b)(1) (Vernon Supp. 2011).  While that limit may be altered by a municipality, the alteration "is effective when the governing

---

[2]The officer was informed of the arrest warrant by the police dispatcher after the stop was made. Though it was later discovered that no such warrant existed, appellant does not contend that the absence of a warrant vitiated the arrest.  Nor does he question the officer's good faith belief that such a warrant existed.

2

body erects signs giving notice of the new limit and at all times or at other times as determined." *Id.* §545.356(c). Additionally, if we were to accept appellant's argument that he was entitled to the instruction at issue because the street lacked signs affording adequate notice of the speed limit, then we would have to conclude that the limit was actually thirty m.p.h. due to the effect of §545.352(b)(1). Again, that is the limit unless signage indicates otherwise. And, because appellant does not dispute that he was driving faster than thirty m.p.h., he was speeding even under his own analysis of the situation. So, there remained no material issue of fact regarding whether he was speeding for purposes of an article 38.23 instruction.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.