NO. 07-11-0399-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
 APRIL 26, 2012
 _____________________________
 
 VICTOR MORGAN, 
 
 Appellant
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;
 
 NO. 09-02776-CRF-272; HONORABLE TRAVIS B. BRYAN III, PRESIDING
 _____________________________
 
 Memorandum Opinion
 _____________________________
 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 During the trial in which appellant Victor Morgan was convicted of possessing crack cocaine, he requested a jury instruction under article 38.23 of the Code of Criminal Procedure. He thought he was entitled to one because a question of material fact purportedly existed concerning whether the officer had probable cause or reasonable suspicion to stop him for speeding. The request was denied, however. The sole issue on appeal encompasses that decision, and he wants us to hold that the trial court should have provided the instruction. We affirm. 
 Assuming arguendo that there existed the requisite material issue of fact regarding whether the officer had either reasonable suspicion or probable cause to effectuate the original stop, no one disputes that the very same officer arrested appellant under the authority of an outstanding arrest warrant. It was while making the arrest per the warrant that the officer discovered the cocaine on appellant's person. 
 Next, authority holds that any taint from an impermissible stop is washed away by a belatedly discovered arrest warrant. Fletcher v. State, 90 S.W.3d 419, 420 (Tex. App. - Amarillo 2002, no pet.); see also Johnson v. State, 496 S.W.2d 72, 74 (Tex. Crim. App. 1973) (finding that photographs taken after an improper arrest were admissible because the defendant had an outstanding warrant). Because 1) the officer was told that appellant was the subject of an outstanding arrest warrant, 2) the drugs were discovered as a result of the officer attempting to execute that warrant, and 3) appellant does not dispute that the officer acted upon a good faith belief that the warrant existed, any dispute regarding the propriety of the initial stop became irrelevant. Thus, appellant was not harmed by the trial court's decision to deny the instruction, even if it was wrong.
 We further note that the prima facie speed limit on a street in an urban area is thirty m.p.h. Tex. Transp. Code Ann. §545.352(b)(1) (Vernon Supp. 2011). While that limit may be altered by a municipality, the alteration "is effective when the governing body erects signs giving notice of the new limit and at all times or at other times as determined." Id. §545.356(c). Additionally, if we were to accept appellant's argument that he was entitled to the instruction at issue because the street lacked signs affording adequate notice of the speed limit, then we would have to conclude that the limit was actually thirty m.p.h. due to the effect of §545.352(b)(1). Again, that is the limit unless signage indicates otherwise. And, because appellant does not dispute that he was driving faster than thirty m.p.h., he was speeding even under his own analysis of the situation. So, there remained no material issue of fact regarding whether he was speeding for purposes of an article 38.23 instruction.
 Accordingly, the judgment is affirmed.

 Brian Quinn 
 Chief Justice 
Do not publish.